# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                          Case No. 16-CR-92

**SUSAN MOYER**
    **Defendant.**

## ORDER

The government obtained a 24-count indictment charging defendants Steven Kotsonis and Susan Moyer with controlled substance offenses. Count one alleges that, beginning in at least 2012 and continuing until 2013, Kotsonis, a medical doctor, and Moyer, the office manager of the medical clinic the defendants co-owned, conspired to dispense controlled substances, including Oxycodone, outside of professional medical practice and not for legitimate medical purposes. Counts 2-21 allege that on specific dates between November 27, 2012, and April 16, 2013, Kotsonis (aided and abetted by Moyer as to counts 3, 4, and 17-20) unlawfully issued prescriptions. The parties refer to these counts as the "pill mill" or "prescription" counts. Counts 22-24 allege that on three occasions between February 21, 2014, and April 23, 2014, after the clinic had closed, Moyer distributed Oxycodone. The parties refer to these offenses as the "street sale" or "pill" counts.[1]

Moyer moved to sever the pill mill counts from the street sale counts, arguing improper joinder under Fed. R. Crim. P. 8; in the alternative, she sought relief from prejudicial joinder

---

[1] The government does not allege Kotsonis's involvement in these counts but does indicate that a former patient was the pill purchaser in counts 22 and 23.

under Fed. R. Crim. P. 14. The magistrate judge handling pre-trial proceedings in this case found the counts properly joined under Rule 8(a), as they were "of the same or similar character." See United States v. Turner, 93 F.3d 276, 283-84 (7th Cir. 1996); United States v. Walls, 80 F.3d 238, 243 (7th Cir. 1996); United States v. Coleman, 22 F.3d 126, 131 (7th Cir. 1994). However, he accepted Moyer's argument that she would be prejudiced by a joint trial, explaining:

> Although evidence of the prescription conspiracy may be admissible in a separate trial on the pill sales to demonstrate, for example, opportunity, the opposite does not appear to be true. That is, it appears that evidence of the pill sales would not serve any permissible purpose in a separate trial regarding the prescription counts, and the government has not explained how the pill-count evidence might somehow be admissible under Fed. R. Evid. 404(b). Consequently, it is highly likely that a jury hearing all counts together would infer guilt based on impermissible propensity evidence.
>
> This potential source of unfair prejudice is apparent when one considers the evidence to be presented at trial. Ms. Moyer acknowledges that she likely does not have a viable defense to the pill charges; those counts involve controlled transactions in which Ms. Moyer, while being recorded, sold Oxycodone pills. With respect to the other counts, however, Ms. Moyer's culpability depends on her knowledge and actions in furtherance of the prescription conspiracy. Learning that she sold opiate pills to former patients after the clinic closed would therefore unfairly influence the jury and likely could not be cured by any limiting instruction.
>
> Furthermore, the risk of unfair prejudice to Ms. Moyer substantially outweighs the efficiency created by a joint trial in this case. The only overlapping evidence propounded by the government relates to a single purchaser of the pills allegedly sold in Counts Twenty-Two and Twenty-Three. That severance might impose a slight burden on a single witness is insufficient to justify a joint trial where the risk of unfair prejudice is high.

(R. 38 at 8-9, internal footnote and record citations omitted.)

The government objects to the magistrate judge's ruling. Because this is a non-dispositive matter, I may set the order aside only if it "is contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). "The clear error standard means that the district court can overturn the

2

magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926. 943 (7th Cir. 1997).

Citing Zafiro v. United States, 506 U.S. 534 (1993) and United States v. Lane, 474 U.S. 438 (1986), the government argues that the magistrate judge failed to identify a sufficiently serious risk of prejudice from a joint trial. The government contends that a properly instructed jury could sort through the evidence applicable to each group of counts, and that defendant's argument is essentially that she would have a better chance of acquittal on the pill mill counts if the jury does not hear about the street sale counts.

However, the government does not challenge the magistrate judge's observation that evidence of the street sales would not, under Rule 404(b), be admissible at a separate trial on the pill mill counts. As the Seventh Circuit has explained, where, as here,

> offenses are joined because of their same or similar character, the risk of unnecessary unfairness infiltrating the joint trial is elevated. Unlike instances of joinder of offenses based on the same or closely connected acts or transactions, there is no comparable saving of trial time when offenses that are related only by being of the same type are joined, since the offenses are usually proven by different bodies of evidence [and], when totally unrelated, similar offenses are joined, defendant faces a considerable risk of prejudice. In such cases, the district courts should be especially watchful for possible jury confusion, illegitimate cumulation of evidence or other sources of prejudice not worth the reduced efficiency gains of a joint trial.

Coleman, 22 F.3d at 134 (internal quote marks and citations omitted); see also United States v. Jenkins, 884 F. Supp. 2d 789, 791 (E.D. Wis. 2012) (noting that while the "same or similar character" prong is the broadest of the possible bases for joinder, it is the one least likely to serve the purposes of joinder and risks prejudice when evidence would not be admissible at separate trials under Rule 404(b)); United States v. Kaquatosh, 227 F. Supp. 2d 1045, 1048

3

(E.D. Wis. 2002) (noting that when offenses are so joined the danger of prejudice to the defendant is increased, as the jury may infer criminal proclivity based on the charging of multiple offenses); cf. United States v. Hardin, 209 F.3d 652, 664 (7th Cir. 2000) ("The classic situations where failure to sever may be prejudicial involve the admission of damaging evidence at a joint trial that would be inadmissible if the defendant were being tried alone or the exclusion at a joint trial of exculpatory evidence that would be available if the defendant were being tried solo."), vacated on other grounds, 531 U.S. 1135 (2001).

The magistrate judge did not grant severance based on the relative strength of the evidence on the two groups of counts; nor did he suggest that substantive counts cannot be joined with a conspiracy count. Rather, he focused on the fact that, aside from one witness, a former patient of the clinic, there is no apparent connection between the two groups of counts in this case. While the Rules favor joint trials, particularly in the case of a conspiracy, the government does not allege that Kotsonis conspired with Moyer or was otherwise involved in the street sale counts. The magistrate judge further noted the difficulty a jury would have in fairly evaluating Moyer's role in operating the "pill mill" when faced with evidence of street sales outside the medical context. In sum, the magistrate judge reasonably balanced the serious risk of prejudice against the minimal efficiency of a joint trial. I see no clear error in his order.

The government's objections are overruled and the severance order affirmed.

Dated at Milwaukee, Wisconsin, this 31st day of January, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge